COMMISSIONER OF TRANSPORTATION *v.*
RAUL VEGA ET AL.
(AC 28312)

Bishop, Lavine and Foti, Js.

Argued April 15—officially released July 8, 2008

*Alexander Aponte*, for the appellant (named defendant).

*Brian J. Comerford*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant Raul Vega[1] appeals from the judgment of the trial court awarding him damages, without interest, costs or appraisal fees, for the taking by eminent domain of his real property by the plaintiff, the commissioner of transportation. On appeal, the defendant claims that the court's assessment of damages was erroneous as a matter of law. We reverse in part the judgment of the trial court.

The record reveals the following facts and procedural history, which are relevant to our resolution of the defendant's appeal. On January 25, 2005, the plaintiff filed a notice of condemnation and assessment of damages for taking the defendant's land located in the city of New Britain.[2] The land was to be used for the "layout, alteration, extension, widening, change of grade, drainage and improvement of the highway commonly known as Hart Street Extension . . . ." At the time of the filing of the assessment, the plaintiff assessed damages at $165,000. The plaintiff obtained an updated appraisal

---

[1] In the statement of compensation, the plaintiff also identified Jorge A. Garcia, Sr., Jorge A. Garcia, Jr., Lydia Vega and the city of New Britain as having an interest in the subject property. They are not parties to this appeal.

[2] The property consists of a mixed residential-commercial structure and a two-family residence situated behind it. All of the land is owned by the defendant.

as of January 25, 2005, in the amount of $220,000, pursuant to that appraisal report. On April 7, 2005, the defendant appealed from the assessment of damages, asserting that such assessment was inadequate.

A trial to the court was held, at which John Lo Monte, a real estate agent with experience as an appraiser, testified regarding the fair market value of the defendant's property. He testified that on the basis of the direct sales comparison approach, the estimated value of the property was $325,000, while under the income approach, the estimated value of the property was $455,000. Furthermore, Lo Monte testified that the income approach was the preferred method for determining the fair market value of the property. Linda Schibi testified for the plaintiff, however, and established a fair market value for the property by using a direct sales comparison approach. She testified that at the time of the taking, the fair market value of the property was $220,000.

On November 15, 2006, the court issued a memorandum of decision. The court found that "the damages resulting to the defendant . . . by the said taking by the [plaintiff] amounted to Two Hundred Forty Thousand Dollars ($240,000) and those damages are to be assessed accordingly." The court also found that $165,000 had been deposited by the plaintiff with the court for the defendant but that "the deficiency between the fair value of the property as found by this court and the amount so deposited by the [plaintiff] is Seventy Five Thousand Dollars ($75,000), *which amount shall include all claims for interest, costs and appraisal fees* as well as claims for relocation and moving expenses."[3] (Emphasis added.) This appeal followed. Additional facts will be set forth as necessary.

---

[3] The defendant is not claiming that he is entitled to relocation and moving expenses.

We first set forth the applicable standard of review. "[T]he scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Bristol* v. *Tilcon Minerals, Inc.*, 284 Conn. 55, 87, 931 A.2d 237 (2007). Because the defendant claims that he is entitled to interest, costs and appraisal fees as a matter of law, our review is plenary.

On appeal, the defendant claims that the court improperly failed to award him interest, costs and appraisal fees to which he is statutorily entitled under General Statutes §§ 37-3c, 13a-77 and 13a-76, respectively. We agree with the defendant.

First, § 37-3c provides in relevant part: "The judgment of compensation for a taking of property by eminent domain *shall* include interest at a rate that is reasonable and just on the amount of the compensation awarded. . . ." (Emphasis added.) General Statutes § 37-3c. The statute then provides the method of calculating the interest to be added to the award if the court fails to provide the rate of interest. In the present case, the court specifically stated that the amount of $75,000, in addition to the previously paid $165,000, included "all claims for interest, costs and appraisal fees . . . ." The court reiterated this point in stating that the $75,000 was "the final amount due to the defendant . . . without further payment of interest, appraisal fees and costs as well as court costs." Although the court did not have to award the defendant interest specifically, as the statute is automatic in its application, the court's

judgment precluded the proper application of the statute by preventing the defendant from claiming interest on the damages awarded to him. We therefore conclude that the court's judgment improperly precluded the defendant from claiming interest under § 37-3c.

Next, § 13a-77 provides: "In any appeal to the Superior Court taken under and by virtue of the provisions of this part, when the appellant obtains an award from the court greater than that awarded by the commissioner, costs of court *shall* be awarded the appellant and taxed against said commissioner *in addition to the amount fixed by the judgment*." (Emphasis added.) General Statutes § 13a-77. In the present case, the defendant received an award of $240,000, which was greater than the one awarded by the plaintiff. Therefore, under the statute, the defendant was entitled to be awarded the court costs in addition to the amount fixed for damages. The court stated, however, that there would be no "further payment of interest, appraisal fees and costs as well as court costs." The court's judgment, therefore, precluded the proper application of the statute by preventing the defendant from taxing costs in addition to the amount awarded as damages. As a result, we conclude that the court's judgment improperly precluded the defendant from taxing costs pursuant to § 13a-77.

Finally, § 13a-76 provides in relevant part: "If the amount of the reassessment of such damages awarded to any such property owner exceeds the amount of the assessment of such damages by the commissioner for such land, the court or such judge trial referee *shall* award to such property owner such appraisal fees as the court or such judge trial referee determines to be reasonable. . . ." (Emphasis added.) General Statutes § 13a-76. Again, in the present case, the amount of the reassessment of damages to the defendant exceeded the amount of the assessment of damages by the plaintiff.

Therefore, the defendant was entitled to be awarded appraisal fees deemed to be reasonable by the court. The court, however, failed to award the defendant any appraisal fees. With regard to appraisal fees, however, the court is entrusted with discretion in assessing a reasonable amount of appraisal fees. In the present case, the defendant's appraiser testified at trial that he charged $1800 for his appraisal of the defendant's property and was charging $125 per hour for his trial testimony. Therefore, the court was presented with facts from which it could have determined a reasonable appraisal fee in the exercise of its discretion. Because evidence regarding the appraisal fees incurred by the defendant was presented in this case, the court was obligated to make an award of reasonable appraisal fees to the defendant. Therefore, we conclude that the court's failure to award any fees pursuant to the statute was improper.

The judgment is reversed only as to the claim for interest, costs and fees and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.